IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs.   : | CRIMINAL NO. 1:CR-15-0060 |
| : | |
| DELEO GERALD POWELL,   : | (Judge Caldwell) |
| Defendant   : | |

*M E M O R A N D U M*

I.  *Introduction*

Defendant, Deleo Powell, was convicted by a jury of possession with intent to distribute a controlled substance, heroin, in violation of 21 U.S.C. § 841(a)(1). We permitted the government to file late objections to the probation officer's calculation of his guidelines range. The government asserts the calculation does not take into account two prior Pennsylvania convictions that qualify Defendant for an enhanced sentence as a career offender: (1) an April 2006 conviction for escape; and (2) a 2006 conviction for simple assault.

II.  *Discussion*

Under the guidelines, a defendant may be subject to an enhanced sentence if he is a career offender. A defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a

> crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a)(2015).  There is no issue here that Defendant was at least eighteen years old when he committed the instant offense, or that the instant offense is a controlled substance offense.  There is also no dispute that Defendant has one prior felony conviction for a controlled substance offense.  (Presentence Report ¶ 34).  The parties dispute whether Defendant's Pennsylvania convictions for simple assault and escape qualify as crimes of violence.

> The guidelines define a "crime of violence" as follows:
>
> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(2015). Subsection (a)(1) is the "elements" clause, also called the "force" clause.  That part of subsection (a)(2) listing burglary of a dwelling, arson, extortion, and crimes involving the use of explosives is called the enumerated-offenses clause.  The remaining part of subsection (a)(2) is the residual clause, a crime of violence that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

-2-

The government has the burden at sentencing to establish the defendant's career offender status. *United States v. Howard*, 599 F.3d 269, 271-72 (3d Cir. 2010). Neither simple assault nor escape is listed in the enumerated-offenses clause. And the residual clause was recently declared unconstitutionally vague by the Third Circuit in *United States v. Calabretta*, ___ F.3d ___, ___, 2016 WL 3997215, at *4 (3d Cir. 2016). Thus, if the government is going to show that either simple assault or escape is a crime of violence, it must do so under the elements clause.

A determination that a conviction is a crime of violence is made under the "categorical approach." *United States v. Brown*, 765 F.3d 185, 188-89 (3d Cir. 2014). Under that approach, the court may look only to the elements of the defendant's prior convictions, not 'to the particular facts underlying those convictions.'" *Id.* (quoting *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013)). "In the ordinary case of identifying whether a prior conviction fits the § 4B1.2(a)(1) definition, a court simply asks 'whether the state crime has the use or threat of physical force [against the person of another] as an element of the offense.'" *Id.* at 189 (quoted case omitted). If the elements of the prior conviction are broader than the federal definition, if they "cover a greater swath of conduct than the elements of the relevant" section 4B1.2(a)(1) offense, then the conviction does not qualify as a predicate offense under section 4B1.2(a)(1). *See Mathis v. United States*, ___ U.S. ___, ___, 136 S.Ct.

2243, 2251 (2016); *Brown*, 765 F.3d at 189.[1]  Even if a defendant's "conduct fits within" the guidelines definition, "the mismatch of elements" disqualifies the conviction as a predicate offense.  *Mathis*, 136 S.Ct. at 2251.

The modified categorical approach sometimes applies.  Under that approach, the court can look beyond the elements of the prior conviction when the statutory crime is a divisible one, listing multiple alternative elements, *Brown,* 765 F.3d at 189, so that the statute effectively creates several different crimes.  *Descamps*, 133 S.Ct. at 2285 (quoted case and internal quotation marks omitted).  The modified categorical approach assists in identifying, "among several alternatives, the crime of conviction so that the court can compare it to the" guidelines offense.  *Id.*  Thus, when a divisible statute is involved, and the defendant has pled guilty to the prior offense, the court may look at *Shepard* documents, the "'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented,'"  *Brown*, 765 F.3d at 190 (quoting *Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005)), "to determine which of a statute's alternative *elements* formed the basis of the  defendant's conviction."  *Id.* at 190 (quoting *Descamps*, 133 S.Ct. at 2284)(emphasis in *Brown*).  Like the categorical approach, the modified categorical approach focuses on identifying the crime of conviction, not on

---

[1]  *Mathis* dealt with a sentence enhancement for a "violent felony" under the Armed Career Criminal Act (ACCA).  18 U.S.C. § 924(e).  A "crime of violence" is substantively similar to a "violent felony" under the ACCA, so case law on both clauses is used interchangeably, *see Calabretta*, *supra*, 2016 WL 3997215, at *4, as well as case law involving similar clauses in immigration law.  *See United States v. Mahone*, 662 F.3d 651, 653 n.3 (3d Cir. 2011).

discovering facts that could satisfy the elements of the guidelines predicate offense. *Descamps*, 133 S.Ct. at 2288, 2293.

III.  *Discussion*

       A.  *Simple Assault*

At the time of Defendant's 2006 conviction for simple assault, the crime was defined as follows:

> (a) Offense defined.--A person is guilty of assault if he:
>
>   (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
>
>   (2) negligently causes bodily injury to another with a deadly weapon;
>
>   (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
>
>   (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

18 Pa. Cons. Stat. Ann. § 2701(a)(former version).[2]

The government acknowledges that simple assault can only be a crime of violence if it was done knowingly or intentionally. *See United States v. Mahone*, 662 F.3d

---

[2] Substantively, the only difference from the current version of the offense is that the current version begins subsection (a) with: "Except as provided under section 2701(relating to aggravated assault), a person is guilty of assault if he . . . ."

651, 655 (3d Cir. 2011)(a crime of violence under the elements clause always requires a showing of intentional conduct as opposed to reckless or negligent conduct).  Applying the modified categorical approach, the government nonetheless argues that Defendant's offense qualifies as a crime of violence under the elements clause on the basis of Defendant's guilty-plea colloquy.

The guilty-plea colloquy reveals Defendant would plead guilty "to the one charge on the information, simple assault . . . ."  (Doc. 79-1, ECF p. 3).  The following exchange also took place:

> [prosecutor]: Your Honor, on this case, the charge stems from an incident on April 7th of 2006.  Police were dispatched to a domestic incident . . . .  They heard arguing.  They ultimately made their way in to the residence and the victim had indicated that the Defendant had grabbed her around the throat.  And there were marks on the victim's throat as well.  Kind of like scratch marks.
>
>    Sir, do you understand the factual basis of the charge against you?
>
> THE DEFENDANT: Yes, ma'am.
>
> [prosecutor]: And as to the charge, do you plead guilty or not guilty?
>
> THE DEFENDANT: Guilty.

(Doc. 79-1, ECF p. 4).  The government argues that Defendant's "strangulation conduct was clearly intentional, knowing and violent" so that Defendant's simple assault conviction qualifies as a crime of violence.  (Doc. 79, ECF p. 6).

In opposition, Defendant makes several arguments, but we need only deal with one of them.  Defendant argues that, even assuming the modified categorical approach applies, his simple assault conviction does not qualify as a crime of violence because the criminal information charged him with a violation of subsection 2701(a)(1), which has as an element the *mens rea* of recklessness.  Since Defendant pled guilty to a crime containing that element of *mens rea*, it does not qualify as a crime of violence. Further, since only the elements of the crime of conviction count, Defendant's conduct in committing the offense is irrelevant.

We agree with Defendant.  A conviction based upon recklessness cannot be a crime of violence.  *See United States v. Mahone*, supra, 662 F.3d at 655 (a crime of violence under the elements clause always requires a showing of intentional conduct as opposed to reckless or negligent conduct); *United States v. Otero*, 502 F.3d 331, 335 (3d Cir. 2007)(Pennsylvania simple assault conviction with a *mens rea* of recklessness is not a crime of violence under the elements clause); *United States v. Gorny*, ___ F. App'x ___, ___, 2016 WL 3689063, at *4 (3d Cir. 2016)(nonprecedential)(a Pennsylvania aggravated assault conviction under subsection 2702(a)(4) requires knowing or intentional conduct thereby satisfying the elements clause *mens rea* requirement)(citing *Mahone*).

In the instant case, the criminal information, the charging document, charged that Defendant: "did intentionally, knowingly, or recklessly cause or attempt to cause bodily injury to another" and then named the victim.  The statutory offense cited in

the information was simple assault under subsection 2701(a)(1). (Doc. 82-1, ECF p. 3).[3] Since Defendant pled guilty to that offense, one having as an element recklessness, his simple assault conviction does not qualify as a crime of violence. *See Mahone*, *supra*; *Otero*, *supra*.

The description of Defendant's conduct in the guilty-plea colloquy is immaterial. First, Defendant did not admit to the conduct underlying the offense, only that the conduct described formed the factual basis of the charge. Second, even if Defendant admitted the facts, and the facts would support that he committed the offense intentionally or knowingly, the conviction would still not be a crime of violence as Defendant's conduct is irrelevant to our analysis, an analysis which looks only to match the elements of the prior conviction to the guidelines definition of crime of violence.

B.  *Escape*

At the time of Defendant's 2006 conviction for escape, the crime was defined, in pertinent part, as follows:

> (a) Escape.--A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

18 Pa. Cons. Stat. Ann. § 5121(a). Section 5121 contains a grading provision. Under subsection (d), escape is a felony of the third degree, in pertinent part, where:

---

[3] The information also charged Defendant with harassment under 18 Pa. Cons. Stat. Ann. § 2709(1).

-8-

>> (i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;
>>
>> (ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or
>>
>> . . . .

*Id.* § 5121(d). Otherwise, the offense is a misdemeanor of the second degree. *Id.* § 5121(d)(2).

Citing in part *United States v. Luster*, 305 F.3d 199 (3d Cir. 2002), the government argues that escape is sometimes a crime of violence, depending on the facts. The government then provides in its brief a summary of the facts given by a "reporting" police officer in a document described as the "2005 incident report." In that report, the police officer recounts how Defendant fled from the officer on foot, requiring the officer to taser him, but that he eventually complied with the officer's commands, including being handcuffed. The government asserts this conduct endangered Defendant, police officers, and bystanders, and thus qualifies as a crime of violence.

In *Luster*, 305 F.3d at 202, the Third Circuit held that escape is a "crime of violence" under section 4B1.2(a)(2)'s residual clause. *Luster* is therefore no longer good law because the Third Circuit, as noted above, recently held (after briefing in this case) that the residual clause in section 4B1.2(a)(2) was unconstitutionally vague. *Calabretta*, *supra*, 2016 WL 3997215, at *4.[4]

---

[4] In any event, it appears the government's argument lacks merit in light of the Third Circuit's later ruling in *United States v. Hopkins*, 577 F.3d 507, 514-15 (3d Cir. 2009)(escape is not a crime of violence, relying on *Chambers v. United States*, 555 S.Ct. 122, 129 S.Ct. 687, 172 L.Ed.2d 484(2009)).

Assuming the statute is divisible, it appears that at least one version of the offense, based on subsection 5121(d)(1)(ii), would be a crime of violence if a defendant used force, threat, deadly weapon or other dangerous instrumentality to effect the escape. However, Defendant has provided us with the criminal information, and the information charged Defendant only with a violation of section 5121(a), unlawfully removing himself from official detention or failing to return to official detention following temporary leave granted for a specific purpose or limited period. (Doc. 82-1, ECF p. 1). This offense is not a crime of violence as it does not have as an element the use, attempted use, or threatened use of physical force against the person of another.

IV.   *Conclusion*

Defendant qualifies as a career offender if he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Since Defendant has only one such conviction, one for a controlled substance offense, he does not qualify for the career offender enhancement. The government's objections to the presentence report will therefore be dismissed.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 24, 2016